Lawrence JONES, Plaintiff,

v.

KEMPER INSURANCE COMPANY, Defendant.

No. 4:94CV07–D–O.

United States District Court, N.D. Mississippi, Greenville Division.

Jan. 27, 1994.

Jack R. Dodson, Jr., Clarksdale, MS, for plaintiff.

No answer has been filed for defendant.

## ORDER

ORLANSKY, United States Magistrate Judge.

Presently before the court in the above entitled action is a paper captioned "Pre-Discovery Disclosure of Core Information" apparently prepared by plaintiff pursuant to Section 4.I.A.1. of this court's Civil Justice Expense and Delay Reduction Plan which is applicable to all civil cases filed in this court on or after January 1, 1994. Because plaintiff's disclosure is plainly deficient in each of the three categories of disclosure required by Section 4.I.A.1., the court *sua sponte* orders additional disclosures.

■ Section 4.I.A.1.(a) required plaintiff to serve with his complaint, *inter alia*

"the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to the claims asserted."

In ¶1 of his disclosure, plaintiff says:

"The following persons are likely to have discoverable information relevant to the claims asserted: Lawrence Jones; Dr. J. Ed Hill, Dr. Ben P. Folk, III; Carol D. Gill, employee of the defendant; Dr. Gaines Cook; Dr. James Moore (may be deceased); Dr. Robert E. Lee (may be deceased). It is believed that the defendant has the addresses of all of the persons listed in this paragraph...."

Plaintiff's expressed belief that defendant has the addresses of all of the persons named is not what the Plan requires. Long and bitter experience teaches the court that often such expressed beliefs prove to be inaccurate, with the result that the party entitled to the information is deprived of it for an extended period of time, or is put to the trouble and expense of ascertaining it. Since defendant will be required to make similar disclosures to plaintiff, that would be patently unfair. As to the telephone numbers also required by Section 4.I.A.1.(a), plaintiff's disclosure is silent—not expressing even a belief that defendant has this information. Obviously, if a witness is believed to be deceased, as appears to be the case with Drs. Moore and Lee, their addresses and telephone numbers would be of diminished significance.

However, the court expresses some puzzlement as to why deceased persons would be listed as individuals "... likely to have discoverable information relevant to the claims asserted." If the plaintiff is not certain about the death of either or both of these witnesses this is even more reason to provide the last known address and telephone number of each so that defendant can make the determination for itself.

■ Section 4.I.A.1.(b) of the Plan required plaintiff to serve with his complaint, *inter alia*

"a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the claims asserted...."

In ¶2 of his disclosure plaintiff says:

"All documents, data compilations, and tangible things in the possession, custody, or control of the Plaintiff that are relevant to the claims asserted are the medical records of Lawrence Jones, which have been previously supplied to the defendant, the social security records of Lawrence Jones, and the materials contained in the defendant's claims file."

This is not what the Plan requires. Plaintiff must serve with his complaint copies of the documents referred to, or, if the documents are so voluminous or bulky that service with the complaint is impractical, must describe them by category in a manner which is meaningful so as to convey a reasonably accurate and comprehensive indication of the nature of the documents and must also state the precise location of the documents, and if different categories of documents are located in different places, so state. It follows, of course, that if the documents are so voluminous or bulky as to be impractical to serve with the complaint, the plaintiff must make them promptly available to the defendant for inspection and copying. It is not sufficient to suggest, as plaintiff appears to do, that the defendant has, or has access to, all of the relevant documents and should be able to figure out for itself what those documents are.

Plaintiff's Section 4.I.A.1.(b) disclosure is insufficient in several particulars. First, as to plaintiff's medical records, as with plaintiff's professed belief that defendant knows the addresses of the persons identified as having discoverable information, experience teaches that the only means of guaranteeing that the party entitled to the disclosure is receiving all of the documents and other things which plaintiff considers relevant to the claims asserted is to require that copies of those documents be served with the complaint unless they are too bulky or voluminous. Plaintiff does not make that claim here.

Second, plaintiff does not indicate that his social security records and the materials from defendant's claims file have been served with the complaint, and, if not, why not. While it is possible that plaintiff does not have copies of those documents, if they are accessible to him so as to be within his "control" it is his obligation under the Plan to obtain them and serve copies with his complaint. On the other hand, if the documents are not accessible to plaintiff, then they are not within his possession, custody or control and are therefore not required to be disclosed. The materials contained in defendant's claims file may well fall into that category, but if plaintiff has copies of such materials he must serve them with the complaint. At first blush this may seem to be superfluous, since defendant obviously already has whatever materials are contained in its claims file. However, the court and all experienced trial lawyers are aware that disclosures of documents by such vague general descriptions are fraught with peril. Often parties rely on documents thought to originate from one source when, in fact, they come from quite another. While it may seem unreasonable to require plaintiff to serve defendant with copies of documents from defendant's own files, there is no other way to guarantee that both parties clearly understand what documents are being referred to.

■ Section 4.I.A.1.(c) of the Plan required plaintiff to serve with the complaint "a computation of any category of damages claimed by the party, making available for inspection and copying as under Rule 34,

FRCP, the documents or other evidentiary material, on which such computation is based, including materials bearing on the nature and extent of injuries suffered." Plaintiff's disclosure almost totally fails to comply with that requirement of the Plan. In ¶ 3 of his disclosure plaintiff says:

"As damages plaintiff seeks all past due benefits, which are the total of all benefits which should have been paid from July 17, 1991 to the present; all future benefits; attorney's fees, which are not presently calculable; prejudgment interest, which is not presently calculable; and such other damages as may be awarded pursuant to the provisions of the Employment Retirement Income Security Act."

It is obvious that plaintiff has made no effort to compute any of the numerous categories of damages claimed by him. While the court recognizes that it may not be possible to calculate attorney's fees or prejudgment interest at this time, plaintiff surely has some idea of how much he claims to be due him in past due benefits, as well as the rate at which future benefits are claimed to accrue. Furthermore, he gives no clue as to what he means by "such other damages as may be awarded pursuant to the provisions of the Employment [Employee] Retirement Income Security Act." If plaintiff knows no more about his claimed damages than he discloses in ¶ 3, how can he allege, as he does in his complaint, that the amount in controversy exceeds $50,000.00? Plaintiff can surely do better than that.

The grudging approach to disclosure adopted by plaintiff is calculated to defeat one of the two major goals of the Plan: to expedite civil litigation by requiring the disclosure of core information and documents at the outset of the litigation. Such dilatory tactics cannot be tolerated by the court if the time goals of the Plan are to be achieved. If the court allows plaintiff to avoid meaningful disclosure through such an approach, defendant's disclosures surely will be similarly meaningless, and the head start on discovery which the disclosure of core information is intended to achieve will be lost. The parties will then find themselves unable to adequately prepare the case within the discovery lim-

its imposed by the Plan, and achievement of both the expense and delay reduction goals of the Plan will be impossible. If there is to be any hope of achieving those goals, counsel for all parties must be forthcoming, and not grudging, in their disclosures. The court will not accept superficial compliance with the disclosure requirement. It is, therefore

ORDERED:

That plaintiff shall forthwith serve upon defendant the following:

1. The last known address and telephone number of each person named in ¶ 1 of plaintiff's disclosure.

2. Copies of all documents within the possession, custody or control of plaintiff referred to in ¶ 2 of plaintiff's disclosure.

3. A computation of each category of damages claimed by plaintiff, or, if a computation of any such category is not possible at this time, an explanation of why plaintiff believes that is so.

4. Copies of all documents or other evidentiary materials on which such computations are based.

If it is the contention of plaintiff that any of the categories of documents or other evidentiary materials herein required to be produced are so voluminous or bulky as to make production impractical, he shall so state in his supplemental disclosure; explain why he believes that is the case; shall provide a meaningful description, as hereinabove defined, of each such category of documents or other evidentiary materials; and shall state the location of each such category of documents or other evidentiary materials.